UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMEERA Q. ALI, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 25-0384 (RC) |
| | ) |
| WILLIAM LOTHROP, *et al.*, | ) |
| | ) |
|        Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the Court on Ameera Ali's Emergency Motion for Release from Custody Under 28 U.S.C. Section 2241, construed as a petition for a writ of habeas corpus (ECF No. 1, "Pet."), an addendum to the petition (ECF Nos. 8-9), the United States' Opposition to Petitioner's *Pro Se* "Emergency Motion for Release from Custody Under 28 U.S.C. Section 2241" (ECF No. 6, "Gov't Opp'n"), and Petitioner's Reply to Government Re Emergency Motion for Release from Custody Under 28 U.S.C. Section 2241 (ECF No. 10). For the reasons discussed below, the Court DENIES the petition.[1]

## I. BACKGROUND

Having been convicted in the United States District Court for the Western District of North Carolina of health care fraud conspiracy, Ameera Q. Ali ("Petitioner") was sentenced on October 20, 2020, to an 84-month term of

---

[1] Petitioner's Addendum to the Emergency Motion for Release from Custody Under 28 U.S.C. Section 2241 (ECF No. 8), docketed as a "Motion for Order," will be denied.

incarceration followed by a one-year term of supervised release.  *See* Pet. at 1; Judgment in a Criminal Case, *United States v. Ali*, No. 3:19-cr-0080 (W.D.N.C. Nov. 10, 2020) (ECF No. 48).  Petitioner began service of her sentence on February 4, 2021, and since December 18, 2024, has been on home confinement.  *See* Pet. at 2, 8.

Generally, Petitioner claims that BOP failed to apply credits she has earned toward service of her sentence.  *See, e.g., id*. at 3-4, 8.  Had it done so, Petitioner contends, she should be released from custody.  *See id*. at 8.  Respondent represents that BOP has applied the maximum number of credits permissible, advancing by 365 days the date on which Petitioner became eligible for prerelease custody and supervised release.  *See* Gov't Opp'n at 5-6.  According to Respondent, application of these credits does not merit Petitioner's immediate release from custody.  *See id*. at 4.

## II. DISCUSSION

### A. Credits Toward Service of a Sentence

Generally, a person convicted of federal crimes "shall be committed to the custody of the Bureau of Prisons [BOP] until the expiration of the term imposed[.]" 18 U.S.C. § 3621(a).  There are ways a federal prisoner might serve less time in a BOP institution than the sentence imposed by the court otherwise indicates.

#### 1. Good Conduct Credit

A prisoner "may receive credit toward the service of [her] sentence of up to 54 days for each year of the . . . sentence imposed by the court, subject to

2

determination by [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1).

### 2. First Step Act

Under the First Step Act of 2018, *see* 18 U.S.C. § 3632(d)(4), an eligible "prisoner . . . who successfully completes evidence-based recidivism reduction programming or productive activities [EBRR or PAs] shall earn [FSA Time Credits]," *id.*, to "be applied toward time in prerelease custody or supervised release . . . as determined under section 3624(g)," *id.* § 3632(d)(4)(C); *see* 28 C.F.R. § 523.40. Home confinement is a type of prerelease custody. *See id.* § 3624(g)(2)(A).[2] In Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) (Nov. 18, 2022) ("P.S. 5410.01"), BOP sets forth criteria and procedures for awarding credits under Sections 3632(d)(4) and 3624(g).

FSA Time Credits are calculated automatically at the rate of 10 days for every 30-day period a prisoner successfully participates in EBRR or PAs. *See* P.S.

---

[2] Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), BOP temporarily had authority to place prisoners on home confinement for longer periods than those set forth in 18 U.S.C. § 3624(c) because of the COVID-19 pandemic. *See* Pub. L. No. 116-136, § 12003(a)(2), (b)(2), 134 Stat. 281 (2020). Its temporary authority expired on May 11, 2023, 30 days after the national emergency ended. *See* H.J. Res. 7, 118th Cong. (2023) (ending the COVID-19 national emergency on April 10, 2023). The matter of Petitioner's eligibility for early release to home confinement under then-current BOP guidelines pursuant to the CARES Act has been raised and rejected. *See generally* Opinion and Order Dismissing Petition for Writ of Habeas Corpus, *Ali v. Smith*, No. 4:23-cv-0728 (N.D. Tex. Mar. 12, 2024) (ECF No. 13).

5410.01 at 10; 28 C.F.R. § 523.42 (c)(1). An eligible prisoner may accrue five additional FSA Time Credits per 30-day period if BOP determines that she is "at a minimum or low risk of recidivating[,] and . . . [h]as maintained a consistent minimum or low risk of recidivism over the most recent two consecutive risk and needs assessments[.]" P.S. 5410.01 at 10; *see* 28 C.F.R. § 523.42(c)(2).

### 3. Second Chance Act

Under the Second Chance Act of 2007, *see* 18 U.S.C. § 3624(c)(2), BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for [her] reentry . . . into the community." *Id*. § 3624(c)(1); *see id*. § 3624(g)(3) (authorizing BOP, if sentencing court imposed supervised release, to transfer eligible prisoner to "supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632"). Under this authority, BOP can place a prisoner in a community correctional facility or home confinement, *see id*. § 3624(c)(1)-(2), and such placement is left to BOP's discretion to determine the place of a prisoner's imprisonment, *see generally id*. §§ 3621, 3624(c)(4).

### B. Application of Credits Towards Petitioner's Sentence

As of February 4, 2021, when Petitioner began to serve her 84-month term of imprisonment, her projected release date was **February 2, 2028**. *See* Pet., Ex. (ECF No. 1-1 at 7, Sentence Monitoring Computation Data as of 10-28-2024). In

4

other words, if Petitioner earned *no* credits towards service of her sentence, her sentence would expire on February 2, 2028, the "full term date."

Applying 378 days' good conduct credit, both earned and projected, *see id.*, Ex. at 7; Gov't Opp'n, Ex. 1 (ECF No. 6-1 at 3, Sentence Monitoring Computation Data as of 04-25-2025), BOP determined that Petitioner would complete service of her sentence on **January 20, 2027**, the projected "statutory release date." *See* Pet., Ex. at 7; Gov't Opp'n, Ex. 1 at 3.

Petitioner earned, and BOP applied, 365 FSA Time Credits, such that Petitioner's projected satisfaction date via FSA is **January 20, 2026**. *See* Pet., Ex. at 6; Gov't Opp'n, Ex. 1 at 3.

As of October 13, 2024, Petitioner had accrued 325 FSA Time Credits towards prerelease custody. Pet., Ex. (ECF No. 1-1 at 4, FSA Time Credit Assessment ("Assessment")). BOP could have placed Petitioner in prerelease custody as early as **March 1, 2025**, based on these FSA Time Credits alone. *See* Assessment at 4. Because Petitioner would have earned 325 FSA Time Credits towards prerelease custody *and* because 325 days remained on her sentence as of March 1, 2025, BOP was *required* to place Petitioner in prerelease custody *no later than* March 1, 2025. *See* Gov't Opp'n at 6 & n.7 (citing 18 U.S.C. § 3624(g)(1)(A) and P.S. 5410.01 at 15).

Under the Second Chance Act, and in its discretion, BOP could have placed Petitioner in prerelease custody as early as March 1, 2024, *see* Assessment at 4, for the 12 months preceding her projected satisfaction date via FSA. BOP opted to place Petitioner on home confinement on December 18, 2024. *See* Pet. at 8.

5

Although Petitioner does not benefit from a full 12-month period on prerelease custody, she was afforded roughly 73 more days than she would have had based on application of FSA Time Credits alone.

FSA Time Credits are calculated automatically, and between March 1, 2025, and April 2, 2025, Petitioner had earned another 30 days' credit.[3]  *See* Gov't Opp'n, Ex. 4 (FSA Time Credit Assessment dated April 2, 2025) at 11.  There is no permissible use for these additional credits, however.  FSA Time Credits are applied to prerelease custody or early transfer to supervised release, *see* 18 U.S.C. §§ 3624(g), 3632(d)(4)(C), and Respondent demonstrates that BOP had applied the maximum number of credits.  Petitioner is entitled to no more.  *See Lynch v. Fed. Bureau of Prisons*, No. 5:24-cv-207/MCR/MAL, 2024 WL 5265062, at *2 (N.D. Fla. Oct. 11, 2024) (because "365 days is the maximum benefit in sentence reduction an inmate can earn under the FSA," any additional "credits cannot be applied to reduce [Petitioner's] custodial sentence more because 365 days of credits have already been applied"), *report and recommendation adopted*, No. 5:24-cv-207/MCR/MAL, 2024 WL 5264438 (N.D. Fla. Dec. 31, 2024).

Insofar as Petitioner challenges the conditions of her confinement, or rather her home confinement, she fails to state a viable claim.  *See Mannino v.*

---

[3] Petitioner claims to have earned 310 credits "that have yet to be applied," Pet. at 2, and, if applied, "would have reduced the date for home confinement to close to March of 2025," *id*.  She does not explain how she arrived at this number of credits, and none of her submissions or exhibits appear to reflect this number.  Petitioner's assertion is accurate insofar as application of FSA credits rendered her eligible for prerelease custody on March 1, 2025.  *See, e.g.*, Assessment at 4.

6

*Stalhood*, No. 2:24-cv-0220-BSM-ERE, 2025 WL 895798, at *2 (E.D. Ark. Mar. 24, 2025) ("It is well established that prisoners have no protected liberty interest in assignment to a particular place of confinement.") (citations omitted), *report and recommendation adopted*, No. 2:24-cv-0220-BSM, 2025 WL 1539824 (E.D. Ark. May 29, 2025); *Palmer v. Sproul*, No. 25-cv-0118-JPG, 2025 WL 346589, at *1 (S.D. Ill. Jan. 30, 2025) (noting BOP's "plenary control over placement of the inmate, subject only to statutory limits," which "[i]ncludes the decision whether to house an inmate in a prison or in home confinement") (citations and internal quotation marks omitted)).

## III. CONCLUSION

The Court may grant habeas relief if Petitioner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner fails to demonstrate that her current custody, albeit on home confinement, violates the Constitution or the laws of the United States. Accordingly, her petition for a writ of habeas corpus is DENIED. A separate Order will issue.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: July 7, 2025